# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSE DUPREE, JR, <br><br> Plaintiff, <br><br> v. <br><br> PERRYMAN, <br><br> Defendant. | Case No.  1:16-cv-00056-SKO (PC) <br><br> **ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH THE COURT'S ORDER** <br><br> **(Docs. 6, 8)** |

      Plaintiff, Richard Jose Dupree, Jr., is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff consented to Magistrate Judge jurisdiction on November 23, 2015.  (Doc. 3.)  On January 28, 2016, the Court issued an order for Plaintiff to submit an application to proceed *in forma pauperis* or pay the filing fee within 45 days, and enclosed the appropriate form for Plaintiff's use.  (Doc. 6.)

      Despite the lapse of more than 45 days, Plaintiff failed to file an application to proceed *in forma pauperis*, to pay the filing fee, or to respond to the Court's Order in any manner.  On April 19, 2016, an order issued for Plaintiff to show cause within thirty days why this action should not be dismissed based on his failure to obey the Court's order.  (Doc. 8.)  Plaintiff has not filed a response of any kind to the order to show cause.

      The Local Rules corresponding with Fed. R. Civ. P. 11 provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a

court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, it is HEREBY ORDERED that this action is DISMISSED without prejudice, because of Plaintiff's failure comply with the Court's orders issued on January 28, 2016, and April 19, 2016.

IT IS SO ORDERED.

Dated:     **May 31, 2016**                              /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE